IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIC O'BRIEN JOHNSON, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:15-CV-413-MTT-CHW |
| GEORGE IVEY, *et al.*, | : |
| Defendants. | : |
| _____ | : |

**ORDER**

Presently pending before the Court is Plaintiff's Motion for Reconsideration (ECF No. 7). In its February 1, 2016 Order, the Court dismissed Plaintiff's excessive force and failure-to-intervene claims related to his haircut against Defendants Ivey, Ingram, Martin, Primus, and Kendrick, his claims related to his disciplinary reports, and his retaliation claims against Defendant Ivey. (Order 5-9, Feb. 1, 2016, ECF No. 5.) In his motion for reconsideration, Plaintiff addresses only the claims related to his haircut. Plaintiff contends that he pleaded sufficient facts to show that the forced haircut was "malicious and sadistic" and imposed for the "sole purpose of causing Plaintiff harm." (Mot. Recons. 4, ECF No. 7.) Plaintiff also contends in his motion that Defendants Kendrick and Primus both recorded the incident and had the opportunity to intervene to stop the haircutting. *Id.* at 6.

Local Rule 7.6 cautions that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. A motion for reconsideration serves a "narrow purpose," primarily to "correct manifest errors of law or fact or to present newly

discovered evidence that could not have been discovered at the time of the original motion." *Hicks v. Battle*, No. 5:03-cv-307 (CAR), 2007 WL 2746660, at *1 (M.D. Ga. Sept. 18, 2007) (internal quotation marks and citation omitted). Reconsideration is thus "appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Id.*

Plaintiff's overarching argument appears to be that because he believed his hair length was within prison regulations, requiring him to undergo any haircut necessarily constituted excessive force. (*See* Mot. Recons. 3.) Apart from his conclusory assertions that Defendants acted maliciously and sadistically, however, Plaintiff has alleged no facts that suggest that any Defendant purposely intended to harm him by cutting his hair. The only reason Plaintiff was subjected to a forced haircut was because he refused to submit to an order by prison officials to cut his hair and then admittedly resisted the officials' efforts to cut his hair. (*See* Compl. 13, ECF No. 1.) Had Plaintiff complied with prison officials' orders, there would have been no need to subject Plaintiff to a forced haircut and presumably no resulting injury.[1]  A prisoner simply does not have the right to refuse

---

[1] Plaintiff does not contend in his Complaint that "hands-on" force was used until he had been escorted to the barber shop, seated in the barber chair, and then "attempted to stand up." (Compl. 13.) According to his Complaint, Plaintiff was "held down" while CERT officers administered the haircut, and one member of the CERT team who was *not* named as a Defendant in this action "struck Plaintiff in the top of his head with the hair clippers causing Plaintiff's head to bust open." *Id.* Plaintiff alleges no facts suggesting that this CERT team officer intentionally struck him in the head or that any other Defendant in this case could have prevented such action, and any claims that Defendants used

2

prison officials' direct orders "merely because he disagrees with a guard's interpretation of a prison regulation." *Siggers v. Renner*, 37 F. App'x 138, 140-41 (6th Cir. 2002) (unpublished) (rejecting argument that forced haircut constituted excessive force because prisoner believed prison regulations did not authorize forced haircut). Plaintiff has also still failed to demonstrate that either Defendant Kendrick or Primus witnessed an unconstitutional use of excessive force, had the opportunity to intervene, and failed to do so. Accordingly, Plaintiff has failed to meet the standard for granting a motion for reconsideration, and his motion to reconsider the dismissal of Plaintiff's excessive force claims regarding his haircut (ECF No. 7) is therefore **DENIED.**[2]

**SO ORDERED** this 29th day of July, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

excessive force after this point are proceeding in another case filed by Plaintiff. For a fuller discussion of those claims and a video of the haircut, *see Johnson v. Ivey*, No. 5:14-cv-141 (M.D. Ga. Apr. 11, 2014).

[2]The Court notes that while Plaintiff's claims regarding his haircut were dismissed without prejudice, the statute of limitations may bar Plaintiff from refiling those claims. Under such circumstances, the dismissal is, in effect, with prejudice, and a Plaintiff should normally be given at least one opportunity to amend his Complaint prior to dismissal. *See Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001). In this case, Plaintiff's claims regarding the haircut were raised and dismissed without prejudice in a previously-filed case, and Plaintiff has thus had at least one opportunity to correct the deficiencies noted by the Court. *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) (per curiam) ("The district court provided [plaintiff] with the requisite opportunity to amend when it dismissed his initial complaint without prejudice."). Therefore, even if the dismissal is with prejudice, dismissal is nonetheless appropriate because Plaintiff had a chance to amend. *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (dismissal with prejudice not an abuse of discretion when court gave plaintiff one chance to amend and told him "the deficiency in the complaint and how it could be remedied").