IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIC O'BRIEN JOHNSON, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:15-CV-413-MTT-CHW |
| GEORGE IVEY, *et al.*, | : |
| Defendants. | : |
| _____ | : |

## ORDER

*Pro se* Plaintiff Eric O'Brien Johnson has filed a motion to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 10) in which he appears to challenge the Court's order dismissing Plaintiff's Complaint, (ECF No. 5), and the Court's order denying reconsideration, (ECF No. 8). Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith,

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a). The Court notes that Plaintiff submitted a declaration signed "under penalty of perjury" that he is indigent, but he has not submitted a recent copy of his prison trust fund account information in accordance with 28 U.S.C. § 1915(a)(2). Plaintiff also avers, however, that prison officials have "refused to release Plaintiff's account history." (Attach. 1 to Mot. Appeal IFP, ECF No. 10-1.)

however, such appeal may not be taken *in forma pauperis*.  28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis . . .  unless . . . the district court . . . certifies that the appeal is not taken in good faith[.]").  "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'"  *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

Upon reviewing Plaintiff's motion and the record, the Court finds no issues of arguable merit for appeal.  As explained by the Court previously, dismissal of Plaintiff's claims was appropriate because the claims were either barred by res judicata or because Plaintiff failed to allege sufficient facts in support thereof.  (*See, e.g.*, Order Dism. Compl. 9, ECF No. 5.)  Plaintiff's statement of issues in his amended motion for leave to appeal IFP essentially indicates that Plaintiff merely disagrees with the Court's conclusions.  Thus, for the reasons contained in the Court's previous Orders, the Court finds that Plaintiff's appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).  Plaintiff's motion for leave to appeal IFP (ECF No. 10) is accordingly **DENIED**.

If the Plaintiff wishes to proceed with his appeal, he must pay the entire $505.00 appellate filing fee.  Any further requests to proceed IFP on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

3

.         **SO ORDERED** this 9th day of September, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT